[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DIECISION RE: MOTION TO STRIKE
Statement of Facts
The plaintiff worked at Yale New Haven Hospital as a therapist in the hospital's respiratory therapy department from 1989 until he resigned in March of 2001. The plaintiff, who claims that he was forced to resign because of mistreated by the defendant, has brought a claim for intentional infliction of emotional distress.
While the plaintiff's complaint is lengthy, the essential facts, which must be taken as true for purposes of the motion to strike, include the following:
1. Spring of 1983, a supervisor scheduled the plaintiff to work when he knew the plaintiff was unavailable. When the plaintiff did not show up for work the supervisor recommended that he be disciplined.
2. In 1993, a co-worker accused the plaintiff of being rude and a supervisor accused the plaintiff of endangering the life of a patient.
3. A supervisor suggested that the plaintiff seek psychiatric help claiming that the plaintiff had uncontrollable temper problems.
4. In December of 1999, and in the fall of 2000, a supervisor ordered or suggested that the plaintiff attend anger management classes.
5. In February of 2001, the plaintiff was subjected to verbal abuse by a supervisor.
6. In February of 2001, the plaintiff was issued a written warning after he questioned the propriety of an assignment given to him by the supervisor.
7. In January of 2001, the plaintiff was issued a written warning after an incident between the plaintiff and a co-worker.
Discussion
CT Page 15830
Although there are numerous trial court and Appellate level cases dealing with the intentional affliction of emotional harm, Appleton v.Board of Education, 254 Conn. 205 (2000), is the seminal case in Connecticut at the present time. Appleton makes clear that this cause of action is composed of four elements which may be stated as follows:
 "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct (2) that the conduct was extreme and outrageous (3) that the defendant's conduct was the cause of the plaintiffs distress and (4) that the emotional distress sustained by the plaintiff was severe." Appleton @ 210.
 Appleton cites with approval Bell v. Board of Education,55 Conn. App. 400, 410 (1999) for the proposition that whether the defendant's conduct is sufficient to satisfy the requirement that it was extreme and outrageous is initially a question for the court to determine. It is only when reasonable minds can disagree that it becomes an issue for the jury. Appleton @ 210.
Although Appleton was an appeal from the granting of a motion for summary judgment in favor of the defendant, Bell is an appeal from the granting of a motion to strike. At least in the context of the present case, the court can perceive no difference in exercising its gatekeeper function in actions from intentional infliction emotional harm between a motion to strike and a motion for summary judgment.
At the argument before this court, the attorney for the plaintiff maintained the actions in the present case satisfied the requirement for extreme and outrageous conduct which the court found unsatisfied inAppleton.
As stated in Appleton and other authorities, the requirement may be set forth as follows:
 "Liability for intentional infliction of emotional distress requires conduct that exceeds "all bounds usually tolerated by decent society. . . . "[citations omitted] "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. CT Page 15831 Generally, the case is one in which the recitation of the facts to an average member of the community would arose his resentment against the actor and lead him to exclaim, `Outrageous!'[citation omitted] "conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress'" Appleton @ 210, 211.
Contrary to the claims of the plaintiff, the court sees no substantial difference between the facts inAppleton and the facts in the instant case when determining whether the defendant's actions in the instant case exceed all bounds usually tolerated by a decent society. In the court's opinion, the defendant's conduct is insufficient to form the basis of an action from intentional affliction of emotional distress. The motion to strike is granted.
By the Court,
 Kevin E. Booth Judge of the Superior Court